NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**FREDERICK TRULSON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2025-1915

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-4063, Judge Joseph L. Falvey, Jr.

———————————

Decided: April 29, 2026

———————————

FREDERICK TRULSON, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, LOURIE and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Frederick Trulson appeals a decision from the Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board) denial of entitlement to special monthly compensation above the rate provided under 38 U.S.C. § 1114(l). Appx. 1–2.[1] We *affirm*.

## BACKGROUND

Mr. Trulson, a Navy veteran, received a 100% disability rating for service-connected schizophrenia. Appx. 30. The Department of Veterans Affairs awarded Mr. Trulson special monthly compensation[2] at the § 1114(l) rate effective May 2022. Appx 30–32. Mr. Trulson appealed to the Board, asserting he was entitled to a higher special monthly compensation rate under § 1114(r). Appx. 19; Appx. 21; *see* 38 U.S.C. § 1114(r). The Board denied Mr. Trulson's appeal, finding he did not qualify. Appx. 19. Thus, the Board found Mr. Trulson ineligible for a special monthly compensation rate higher than the § 1114(l) rate. Appx. 18–20.

---

[1] "Appx." refers to the appendix attached to Appellee's brief.

[2] Special monthly compensation is an additional level of compensation awarded to veterans for various impairments caused by service-connected disabilities. *See* 38 U.S.C. § 1114(k)–(s). Special monthly compensation may be awarded at a precise rate or at an intermediate rate between various special monthly compensation levels. *See id.* § 1114(p).

On appeal to the Veterans Court, Mr. Trulson argued the Board erred in denying him the § 1114(r) rate because his schizophrenia made living alone unsafe and required him to live in a full-time medical facility unless he had a care provider. *See* Appx. 3, 5–6. The Veterans Court noted the Board's finding that, regardless of Mr. Trulson's required level of care, schizophrenia does not qualify as the anatomical loss, blindness, or deafness necessary for special monthly compensation under § 1114(r). Appx. 6; *see* Appx. 19. Because Mr. Trulson did not "engage with [the Board's] findings," the Veterans Court affirmed the Board and entered judgment. Appx. 6, 8; Appx. 9. Mr. Trulson appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Absent a constitutional challenge, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We review the Veterans Court's legal determinations de novo. *Wright v. Collins*, 145 F.4th 1336, 1339 (Fed. Cir. 2025).

On appeal, Mr. Trulson argues the Veterans Court legally erred when it "misread[] the integrated scheme of § 1114" and its implementing regulations. Appellant's Br. 8.[3] Under Mr. Trulson's construction of the statute, the Veterans Court would have concluded that he qualified for

---

[3]    Citations to Appellant's Brief refer to the page number in the CM/ECF header.

special monthly compensation at the § 1114(r)(2) rate so long as he required a higher level of care. *Id.* We do not agree.

As an initial matter, the parties dispute whether we have jurisdiction. *See* Appellant's Br. 4; Appellee's Br. 9–11. We have jurisdiction in cases where a veteran raises a question of statutory interpretation "that was relied upon by the [Veterans Court]." 38 U.S.C. § 7292(a). Mr. Trulson raised such an issue regarding § 1114(r) before the Veterans Court. Appellant's Br. 3, *Trulson v. Collins*, No. 24-4063 (Vet. App. Dec. 22, 2024) (raising the § 1114(r) rate issue generally); Appellant's Reply Br. 5, No. 24-4063 (Vet. App. Apr. 11, 2025) (arguing Mr. Trulson's required level of care "qualifies him for the . . . (R) rat[e]s"); *see* Appellant's Br. 8. Had the Veterans Court adopted Mr. Trulson's construction that the need for a higher level of care independently suffices to qualify a veteran for the § 1114(r)(2) rate, the Veterans Court, according to Mr. Trulson, would not have been able to deny him special monthly compensation at that rate. Appx. 6.

Special monthly compensation rates under § 1114(r) are awarded as follows:

> [I]f any veteran, *otherwise entitled to compensation* authorized under subsection (o) of this section, at the maximum rate authorized under subsection (p) of this section, or at the intermediate rate authorized between the rates authorized under subsections (n) and (o) of this section and at the rate authorized under subsection (k) of this section, is in need of regular aid and attendance, then, *in addition to such compensation*—
>
>> (1) the veteran shall be paid a monthly aid and attendance allowance at the rate of $2,002; or

> (2) if the veteran, in addition to such need for regular aid and attendance, is in need of a higher level of care, such veteran shall be paid a monthly aid and attendance allowance at the rate of $2,983 in lieu of the allowance authorized in clause (1) of this subsection, if the Secretary finds that the veteran, in the absence of the provision of such care, would require hospitalization, nursing home care, or other residential institutional care.

38 U.S.C. § 1114(r) (emphases added).

The statute's plain language establishes that a veteran qualifies for the § 1114(r)(2) rate only if he first qualifies for a predicate special monthly compensation rate, regardless of his necessary level of care. The statute's reference to predicate special monthly compensation rates at the beginning of § 1114(r) indicates that Congress intended for those rates to serve as preconditions to the § 1114(r)(2) rate. Mr. Trulson does not dispute that he fails to qualify for the predicate special monthly compensation rates. *See* Appellant's Br. 8; Appx. 6; Appx. 18–19. Thus, under the proper construction of § 1114(r), he does not qualify for a higher special monthly compensation.

Mr. Trulson also raises arguments he failed to present to the Veterans Court, for example, that he is entitled to an earlier special monthly compensation effective date based on 38 U.S.C. § 5110 and equitable tolling, Appellant's Br. 9, and that his caregiver is entitled to a retroactive stipend under the Program of Comprehensive Assistance for Family Caregivers, *id.* at 9–10. We lack jurisdiction over issues not raised before the Veterans Court. *Scott v. McDonald*, 789 F.3d 1375, 1379–81 (Fed. Cir. 2015).

6 TRULSON v. COLLINS

CONCLUSION

We have considered Mr. Trulson's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.